IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                Case No. 14-cr-30006-DRH

CHRISTOPHER ROBERT GARTEN,

        Defendant.

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

    Now before the Court is Defendant Christopher Robert Garten's pro se motion to stay judgment pending appeal (Doc. 63), to which the government filed its opposition (Doc. 67).  Defendant seeks to continue his release during the pendency of his case in the Court of Appeals, based on the claim that the "sentence imposed is both procedurally and substantially unreasonable" (Doc. 63, pg. 8). The government's response opposing the motion specifically highlighted defendant's waiver of his appellate rights, in lieu of the plea agreement, as a key basis for denial (Doc. 67).  For the reasons set forth below, defendant's motion is **DENIED**.

                **I.**       **INTRODUCTION AND BACKGROUND**

    On January 21, 2015, defendant pled guilty to the offense of conspiracy to commit mail and wire fraud in connection with telemarketing in violation of 18

U.S.C. § 1349 (Doc. 38), pursuant to a written plea agreement (Doc. 40) and stipulation of facts (Doc. 41). Following his guilty plea, on April 24, 2015, defendant was sentenced to a term of imprisonment of one year and one day for the offense (Doc. 47) with judgment entered the same day (Doc. 50) and an amended judgment to include restitution amounts attributable to his victims entered on April 30, 2015 (Doc. 52). The Court assigned Garten a total offense level of 13 with a sentencing range of 12 to 18 months.

Based on various factors set forth under 18 U.S.C. § 3553(a), the Court imposed a sentence of twelve months and one day, two years of supervised release, restitution in the amount of $32,508 payable to his victims, and a special assessment of $100 (Doc. 52). Thereafter, Garten filed a notice of appeal on May 13, 2014 (Doc. 55). Defendant Garten now moves to stay judgment and remain on release pending appeal of his sentence pursuant to 18 U.S.C. § 3143(b)(1).

## II.     LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), governs the issue of release pending appeal by the defendant. Pursuant to 18 U.S.C. § 3143(b), a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, must be detained unless (1) there is clear and convincing evidence that the defendant is not likely to flee or pose a risk of danger to the safety of any other person or the community, (2) the appeal is not for the purpose of delay, and (3) the appeal raises a substantial question of law or fact likely to result in reversal. See 18 U.S.C. § 3143(b). The statute creates a presumption

against release pending appeal *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir.1985). By enacting the Bail Reform Act of 1984, Congress "demonstrates its recognition that harm results not only when someone is imprisoned erroneously, *but also when execution of sentence is delayed because of arguments that in the end prove to be without merit.*" *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir.1986) (emphasis added). Therefore, in order to overcome the presumption against release pending appeal, defendant bears the burden of showing that the conditions set forth in § 3143(b) are met. *Bilanzich,* 771 F.2d at 298.

## I.    ANALYSIS

The defendant asserts various arguments relating to his sentence. First, the defendant contends that he was entitled to the entire three point reduction available under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, instead of the two point reduction he received. Second, the defendant argues that overpopulation of prisons and the cost of incarceration make his sentence substantively unreasonable when confinements to a halfway house or his home are viable options. Third, the defendant believes he will suffer financial harm from incarceration due to his inability to work and support his family (Doc. 63).

Pursuant to 18 U.S.C. § 3143(b), a judicial officer shall order that a defendant who has been found guilty be detained pending appeal unless the specific factors discussed above are satisfied. However, in this case, defendant Garten fails to show by clear and convincing evidence that that the conditions set forth in § 3143(b) are satisfied.

### a. Waiver of Appellate Rights

Prior to defendant's change of plea to guilty, Garten entered into a written plea agreement with government that included specific conditions and waivers, one of which being a waiver of appellate rights (Doc. 40). In the plea agreement signed by defendant, Garten unambiguously waived his appellate rights *"except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence"* (Doc. 40). Under the U.S.S.G., Garten was given a sentencing range of 12 to 18 months, and sentenced to 12 months and 1 day, well within that range. The agreement explicitly states:

> "*1. The Defendant understands that by pleading guilty in accordance with this plea agreement, the Defendant is waiving all appellate issues that might have been available if the Defendant had exercised the right to trial.* The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the United States has provided complete discovery compliance in this case. The Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel.
>
> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, *the Defendant knowingly and voluntarily waives the right to contest any aspect of this conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.* The Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed,

including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

3. The Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (See U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief."

See Doc. 40, Doc. 67. (emphasis added). Looking to relevant portions of the plea agreement, the language explicitly highlights the unambiguous waiver of appellate rights, as Garten was sentenced within the guidelines for his requisite offense level. Because defendant signed the appellate waiver, he now demonstrates a willingness to breach his agreement with the government regardless of his statements and actions conveying his understanding and promise to comply with the agreement's terms.

### b. Risk of Danger of Flight

After signing the plea agreement, defendant's situation has further changed since sentence was imposed on April 24, 2015. Garten now faces a one year and 1 day prison term. He also has filed an appeal of that sentence, despite the appellate waiver in his plea agreement with the government. Based on defendant's recent willingness to breach his plea agreement with the government, despite his signature avowing to abide by its terms and his statements made under oath to the Court asserting that he understood the appellate waiver, these actions demonstrate

to the Court that Garten does not accept his fate. Instead, defendant seeks to have the Court impose home confinement or time at a halfway house, arguments which will likely fail on appeal based on his appellate waiver. Defendant failed to cite any basis for his appellate waiver to be dishonored or stricken. In the eyes the Court, by breaching his agreement with the government, Garten is choosing not to accept his fate, and consequently poses a flight risk. The Court determines, therefore, that defendant has not carried his burden of proving by clear and convincing evidence that he is not likely to flee.

### c. Purposes of Delay

Even assuming that Garten could prove by clear and convincing evidence that he is not likely to flee or pose a danger to others, Garten's motion also fails because, as discussed, he has likely waived his right to appeal. Thus his appeal is more for purposes of delay.

Under 18 U.S.C. § 3143(b), the Court considers whether defendant's appeal is simply used as a delay tactic, or raises a substantial question of law. In light of the fact that defendant fails to cite any reasonable basis for the Appellate Court to dishonor or strike his appellate waiver, the sole basis for defendant's appeal is a delay tactic—Garten's desire to remain on bond during the appeal process. The sentence imposed was consistent with those anticipated by the government in the plea agreement (Doc 40, p. 6-7). Despite this knowledge well in advance of sentencing, Garten's appeal specifically argues that his sentence is unreasonable, regardless of the fact that he was sentenced to an amount of time which actually

falls at the low end of the sentencing guidelines. Instead, defendant seeks to have to Court impose home confinement or time at a halfway house, arguments which will likely fail on appeal based on his appellate waiver. Accordingly, Garten's appeal is clearly more for purposes of delay than to raise a substantial question of law or fact.

### d. Substantial Question of Law or Fact

Under the Seventh Circuit's two-step process to determine whether a defendant presents a substantial question of law or fact likely to result in a sentence that does not include a prison term, or reduced sentence less than the expected duration of the appeal process, Garten also fails. 18 U.S.C. § 3143(b). First, the Court must "determine whether the appeal presents a substantial question of law or fact." *United States v. Bilanzich,* 771 F.2d 292, 299 (7th Cir.1985). Second, the Court must determine if a substantial question of law or fact is, in fact, at issue on appeal, whether it will likely result in a sentence that does not include time in prison, or the sentence will be reduced to less than the expected duration of the appeal process. See 18 U.S.C. § 3143(b).

In this case, because Garten's appeal does not appear to be outside the scope of his appellate waiver, the appeal does not raise a substantial question of fact or law that would likely result in a reduced sentence. Garten challenges the reasonableness of his sentence. However, the court carefully considered all factors and imposed a sentence within the advisory guidelines and that was reasonable under 18 U.S.C. § 3553.

Accordingly, the Court finds that Defendant has failed to establish that there are substantial questions of fact or law likely to result in a reduced sentence. Consequently, defendant is not entitled to release pending resolution of his appeal.

### III.  CONCLUSION

Therefore, for the reasons set forth above, defendant's pro se motion to stay judgment pending appeal (Doc. 63) is **DENIED**. Defendant's alternative request to defer his surrender date of June 22, 2015 (Doc. 66) is **DENIED**. Per order of this Court on May 11, 2015, defendant is to report to the Bureau of Prisons on June 22, 2015 (Doc. 54).

**IT IS SO ORDERED.**

Signed this 18th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.18 14:01:31 -05'00'

**United States District Court Judge**